UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KAREEMAH BELL,

    *Plaintiff*,

v.

CVS PHARMACY,

    *Defendant*.

Civil Action No. 25 - 128 (SLS)

Judge Sparkle L. Sooknanan

## MEMORANDUM OPINION

Kareemah Bell, proceeding pro se, sued CVS Pharmacy in the Superior Court of the District of Columbia alleging racial profiling and harassment. CVS removed the case to this Court under 28 U.S.C. § 1441(a) and moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons below, the Court grants the motion and dismisses the case.

## BACKGROUND

### A. Factual and Procedural Background

The Court draws the facts, accepted as true, from the Plaintiff's Complaint. *Estelle v. Gamble*, 429 U.S. 97, 99 (1976).

On December 13, 2024, Ms. Bell filed a Complaint against CVS in the Superior Court of the District of Columbia seeking $50 million dollars for "racial profiling, false accusations based on physical appearance, [and] discrimination" that she experienced while trying to fill her prescriptions. Not. Removal, Compl. at 1, ECF No. 1-3. On December 3, 2024, Ms. Bell had an appointment at Fuch Family of Dermatology, and a dermatologist wrote her four prescriptions to treat acne, eczema, a reaction to mold inside her apartment, and rosacea. *Id.* When she brought the

prescriptions to a CVS store, the pharmacist "refused to fill the medications," explaining that the doctor had not signed the prescriptions. *Id.* at 2. The pharmacist called the store manager, Mrs. Jackson, who told Ms. Bell she was "loitering" inside the store and called the Second District Police Department. *Id.* at 3. Two police officers then arrived on the scene. *Id.*

Ms. Bell's Complaint contains sweeping assertions. She states that "[h]e couldn't accept that I had four prescriptions" and "wasn't willing to communicate with the African American woman, 50 years of age, disability (movement disorder), unemployed . . . due to sexual harassment in the workplace[.]" *Id.* at 3. She adds that she was "racially discriminated against, and harassed by the neighborhood pharmacist and white metropolitan police officer" for trying to fill her four prescriptions from the dermatologist. *Id.*

Ms. Bell's Complaint references various statutes but offers no corresponding factual allegations. On the Complaint form, she asks for "any other information of which the Court should be aware," then writes "[b]ased on the Civil Rights Act of 1964." *Id.* at 2. Later, she adds that, "[b]ased on the Americans with Disability Act of 1990," she is "requesting reasonable accommodations due to a physical disability (movement disorder)." *Id.* at 2. And with no further details, she notes that "[a]ll incidents occurred in 2024" and that she is "seeking help for being abused, mistreated, and harassed by [the] CVS neighborhood pharmacist." *Id.*

On January 16, 2025, CVS removed the case to this Court pursuant to 28 U.S.C. § 1441(a). *See* Not. Removal at 1, ECF No. 1. CVS notified Ms. Bell of the removal via first-class mail and email. *Id.* at 6. On January 23, 2025, CVS moved to dismiss Ms. Bell's claims under Federal Rule of Civil Procedure 12(b)(6). *See* Mot. Dismiss at 1, ECF No. 4. On February 19, 2025, the Court ordered Ms. Bell to respond to the motion by March 20, 2025, and warned that if she failed to respond, the Court might "(1) treat the Motion as conceded[]; (2) rule on the Motion based on the

Defendant's arguments alone and without considering [her] arguments; or (3) dismiss [her] claims for failure to prosecute[.]" Fox/Neal Order at 1, ECF No. 5; *see also Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). That deadline has passed, and Ms. Bell has not responded or asked for more time to do so.

## LEGAL STANDARD

"Federal district courts are courts of limited jurisdiction and 'possess only that power conferred by [the] Constitution and [by] statute.'" *Logal v. Dep't of Veterans Affairs*, 357 F. Supp. 2d 149, 152 (D.D.C. 2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must 'contain sufficient factual matter, accepted as true,' to plausibly establish [] [the] elements." *Howard R.L. Cook & Tommy Shaw Found. v. Billington*, 737 F.3d 767, 772 (D.C. Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Delk v. PNC Bank, N.A.*, 749 F. Supp. 3d 77, 85 (D.D.C. 2024) (quoting *Iqbal*, 556 U.S. 662 at 678). Courts must hold pro se pleadings to a "less stringent standard than formal pleadings" drafted by lawyers, but "need not assume the role of [their] advocate." *Mehrbach v. Citibank, N.A.*, 316 F. Supp. 3d 264, 268 (D.D.C. 2018). In other words, no matter how "inartfully pleaded" a pro se plaintiff's complaint, a court must grant her the benefit of all inferences that can flow from the facts she alleges. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## DISCUSSION

CVS removed this case from Superior Court under 28 U.S.C. § 1441(a), arguing that this Court has both diversity jurisdiction and federal question jurisdiction. *See* Not. Removal ¶¶ 6–8, 9–16. It urges dismissal under Rule 12(b)(6) on the basis that Ms. Bell's claims are without merit. Mot. Dismiss at 4. The Court agrees that it has diversity jurisdiction and dismisses the federal

3

claims under 12(b)(6). Even "liberally" construing Ms. Bell's Complaint given her pro se status, *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), it falls far short of the minimum requirements for establishing a claim under either the Civil Rights Act of 1964 or the Americans with Disabilities Act (ADA). The Court also dismisses the non-federal claims as deficient.

### A. Jurisdiction

Defendants "'in a civil action brought in state court may remove the action to a federal district court if the action is one over which the federal district courts have original jurisdiction'— including diversity jurisdiction." *Walker v. 2100 2nd St SW, LLC*, No. 24-cv-677, 2024 WL 3887395, at *2 (D.D.C. Aug. 20, 2024) (quoting *Wells Fargo Bank, N.A. v. Wilson*, No. 18-cv-2381, 2019 WL 340717, at *1 (D.D.C. Jan. 28, 2019)). Diversity jurisdiction arises when the two parties are "citizens of different states" and the "matter in controversy exceeds the sum or value of $75,000[.]" 28 U.S.C. § 1332. The removing defendant "bears the burden of proving that jurisdiction exists in federal court." *Perez v. Anchor Constr. Corp.*, No. 22-cv-0023, 2022 WL 1124783, at *2 (D.D.C. Apr. 14, 2022) (quoting *Downey v. Ambassador Dev., LLC*, 568 F. Supp. 2d 28, 30 (D.D.C. 2008)). Here, CVS argues that this Court has diversity jurisdiction because "there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of $75,000." Not. Removal ¶ 10. The Court agrees.

To establish the first prong of diversity jurisdiction, a plaintiff "must allege that the parties are domiciled in different states." *Thomas v. Lescht*, 23-cv-3528, 2025 WL 370984, at *2 (D.D.C. Feb. 3, 2025). An individual's domicile "is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citing *Texas v. Florida*, 306 U.S. 398, 424 (1939)); *see also Lalabekyan v. Vaziri*, No. 23-cv-1994, 2025 WL 560956, at *3 (D.D.C. Feb.

4

20, 2025) (citing *Mitchell v. United States*, 88 U.S. 350, 352 (1874) ("By the term domicile, in its ordinary acceptation, is meant the place where a person lives and has his home.")).

Ms. Bell is domiciled in Washington D.C., where she resides. *See* Compl. (listing her address in Northwest D.C.). And CVS is a citizen of Rhode Island, where it has its principal place of business and corporate headquarters. *See* Not. Removal ¶ 12 (listing principal place of business and corporate headquarters as Woonsocket, Rhode Island); *see also Farar v. Coffield*, No. 17-cv-2072, 2019 WL 329597, at *4 (D.D.C. Jan. 25, 2019) (citing *Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906–07 (D.C. Cir. 2006) ("To determine the citizenship of a corporate entity, courts look to the corporation's state of incorporation and principal place of business.")). Thus, there is complete diversity between Ms. Bell and CVS.

The amount in controversy requirement is met when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). "[W]hen assessing whether the amount in controversy exceeds $75,000, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Goldman v. Fiat Chrysler Automobiles US, LLC*, 211 F. Supp. 3d 322, 325 (D.D.C. 2016) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). The question is whether it is possible to say with a "legal certainty" that the plaintiff's claims fall below the $75,000 minimum. *Id.* (internal citation omitted). Courts reject an amount in controversy when it involves an "indecipherable complaint" that "makes no other attempt to quantify damages." *Shells v. NRA*, No. 23-cv-2335, 2023 WL 11658586, at *1 (D.D.C. Sept. 13, 2023) (finding the plaintiff's claim for "620 million trillion" dollars "frivolous" where the plaintiff "d[oes] not allege any claims arising under federal law").

Ms. Bell "demands monetary relief in the amount of $50 million" for her claims. Not. Removal ¶ 15 (citing Compl. at 1). And nothing suggests she pled that amount in bad faith.

Although $50 million appears excessive considering Ms. Bell's allegations, the question is not whether the amount sought is reasonable, but whether the Court can say with "legal certainty" that the amount in controversy is less than $75,000. *See Goldman*, 211 F. Supp. 3d at 325 ("[T]he Supreme Court's yardstick demands that courts be very confident that a party cannot recover the jurisdictional amount before dismissing the case for want of jurisdiction.") (internal quotation marks and citation omitted); *see also Shells*, 2023 WL 11658586, at *2 (where the plaintiff's "indecipherable complaint demands [a] frivolous amount and makes no other attempt to quantify damages, it appears to a legal certainty, . . . that his claims are for less than the jurisdictional amount—if they are even for any amount at all." (cleaned up)). It cannot and so the amount in controversy requirement is satisfied.

## B.   Federal Claims

Turning to the merits of Ms. Bell's federal claims, even holding those pro se claims to a less stringent standard, they cannot survive dismissal under Rule 12(b)(6).

### 1.   The Civil Rights Act of 1964

CVS argues that Ms. Bell fails to state a claim under Title II of the Civil Rights Act of 1964, as a pharmacy is not a "place of public accommodation." Mot. Dismiss at 4. The Court agrees.

Although Ms. Bell does not specifically mention Title II of the Civil Rights Act, the Court will construe her claim as arising under that statute. Title II prevents the "denial[] of equal access to public establishments," *see Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241, 250 (1964), on "the ground[s] of race, color, religion, or national origin," *Katzenbach v. McClung*, 379 U.S. 294, 298 (1964). "The statute 'sets forth a comprehensive list of establishments that qualify as a place of public accommodation and in so doing excludes from its coverage those categories

of establishments not listed.'" *Delk*, 749 F. Supp. 3d at 89 (quoting *Foster v. Howard Univ. Hosp.*, No. 06-cv-244, 2006 WL 2938701, at *2 (D.D.C. Oct. 13, 2006)). It includes hotels and other establishments that "provide[] lodging to transient guests," places that "sell food for consumption on the premises," gas stations, and places of "exhibition or entertainment" like theatres and sports arenas. 42 U.S.C. § 2000a(b). Retail pharmacies are not included in the definition. *See, e.g.*, *Jackson v. Walgreens Co.*, No. 16-cv-0398, 2016 WL 4212258, at *2 & n.1 (D. Minn. Aug. 10, 2016) (dismissing Title II claim against Walgreens and noting that 42 U.S.C. § 2000a(b)'s definition of public accommodation does not include "pharmacy"). Here, Ms. Bell complains of events that took place at a retail CVS pharmacy, Compl. at 1 (complaining of events at "CVS Pharmacy" on "1199 Vermont, Avenue, NW, Washington D.C., 200360), which is not covered under Title II.

Ms. Bell's claim also fails because it includes almost no details regarding the alleged discrimination. *See, e.g.*, *Delk*, 749 F. Supp. 3d at 89 (noting that "[e]ven if the bank does qualify as a 'public accommodation' for purposes of Title II as it does under other statutory regimes, the complaint is woefully deficient"). Beyond noting that she is an "African American woman, 50 years of age," Compl. at 3, Ms. Bell provides no facts that would support a plausible inference that CVS took actions because of her race during the encounter she describes, *Parkes v. Belga Cafe Betsy*, No. 24-cv-2374, 2024 WL 4836406, at *2 (D.D.C. Nov. 20, 2024) (quoting *Bray v. RHT, Inc.*, 748 F. Supp. 3, 5 (D.D.C. 1990) (noting that a plaintiff "cannot merely invoke h[er] race in the course of a claim's narrative and automatically be entitled to pursue relief").

### 2. The Americans with Disabilities Act

CVS also urges dismissal of Ms. Bell's claim under Title III of the Americans with Disabilities Act. Mot. Dismiss at 5. Dismissal is warranted.

The Court construes Ms. Bell's claim as arising under Title III of the Americans with Disabilities Act. To plead a discrimination claim under Title III, a plaintiff must allege: (1) that she is disabled under the ADA, (2) that the defendant is a place of public accommodation, and (3) that the defendant discriminated against her to deny a full and equal opportunity to enjoy their goods and services. *See, e.g.*, *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 151 (D.C. Cir. 2015). Although Title III defines a place of public accommodation to include a pharmacy, 42 U.S.C. § 12181(7)(f), Ms. Bell has not pleaded facts to support the remaining two elements.

The ADA "defines a 'disability' as 'a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual.'" *Duncan v. Washington Metro. Area Transit Auth.*, 240 F.3d 1110, 1114 (D.C. Cir. 2001) (citing 42 U.S.C. § 12102(2)(A)). The Complaint alleges only: "I'm requesting reasonable accommodations due to a physical disability [] movement disorder." Compl. at 2. This allegation is too vague to survive Rule 12(b)(6). *See, e.g.*, *Sindram v. Merriwether*, 506 F. Supp. 2d 7, 12 n.8 (D.D.C. 2007) (the plaintiff did not allege "any facts" about the disability and instead "ma[de] vague assertions of the need for accommodations without specifying what accommodations he needs, were requested, and were denied"). Even if it qualifies as an impairment, Ms. Bell has not alleged that it limits her major life activities, much less that it substantially limits them. *See, e.g.*, *Gordon v. D.C.*, 480 F. Supp. 2d 112, 117 (D.D.C. 2007) (the plaintiff's arthritis failed to "meet[] the 'substantially limiting' standard," when she required a walker, could only walk a few blocks at a time, and experienced "extreme pain" while climbing the stairs); *Massaquoi v. D.C.*, 81 F. Supp. 3d 44, 55 (D.D.C. 2015) (the plaintiff failed to "plausibly assert that he is disabled under the ADA because there is no allegation that his alleged 'anxiety disorder' substantially limits a major life activity"); *Sheller-Paire v. Gray*, 888 F. Supp. 2d 34, 42 (D.D.C. 2012) (rejecting an ADA claim where the plaintiff

"concede[d] that he was not restricted from a 'substantial class of jobs'" but was instead "capable of performing as a firefighter with limited duties").

And Ms. Bell presents no facts that suggest that discrimination occurred during her encounter at CVS. In fact, according to the Complaint, the pharmacist refused to fill the prescription because it was not signed. *See* Compl. at 3; Mot. Dismiss at 7 (noting that under pharmacy regulations, a written prescription must include "the original legal signature of the practitioner, in ink"). There are no facts that would support a plausible inference of discrimination.

### C.     Other Claims

CVS also urges dismissal of a long list of common law and D.C. statutory claims. On the "Information Sheet" attached to Ms. Bell's Complaint in Superior Court, she checked several boxes asserting more claims, including breach of contract, drug related nuisance abatement, medical malpractice, abuse of process, libel, slander, defamation, fraudulent misrepresentation, invasion of privacy, and the D.C. Consumer Protection Act. Receipt of Original File, ECF No. 3; *see also* Mot. Dismiss at 9–13. But Ms. Bell's Complaint does not mention these causes of action or provide any facts whatsoever to support them. These claims are dismissed. Checking boxes on a civil cover sheet, without more, is insufficient to survive Rule 12(b)(6). *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989) ("The civil cover sheet, of course, is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers."); *see also, e.g.*, *Shells*, 2023 WL 11658586, at *1 (dismissing complaint where the plaintiff "checked twenty-six boxes under the heading 'Nature of Suit' on the Information Sheet attached to his complaint, but his claims appear to relate to a contractual dispute"); *Andreakos v. Dep't of Interior*, No. 14-cv-1125, 2014 WL 5343227, at *4 (W.D. Pa. Oct. 20, 2014) (dismissing complaint under

Rule 12(b)(6) where the plaintiff "checked multiple boxes" on the civil cover sheet but provided no facts or circumstances giving rise to those claims).

## CONCLUSION

For these reasons, the Court grants the Defendant's Motion to Dismiss, ECF No. 4. A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   May 15, 2025